**BARSHAY, RIZZO & LOPEZ, PLLC**
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
*Attorneys for Plaintiff*
Our File No.: BRL21144

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF NEW YORK
### CENTRAL ISLIP DIVISION

| | |
|---|---|
| Fran Rizzo, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　　　v.<br><br>Aargon Collection Agency, Inc.,<br><br>　　　　　　　　　　Defendant. | Case No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff Fran Rizzo, individually and on behalf of all others similarly situated, by and through the undersigned counsel, complains, states, and alleges against defendant Aargon Collection Agency, Inc. as follows:

### INTRODUCTION

1.　　This is an action to recover damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

### JURISDICTION AND VENUE

2.　　This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 15 U.S.C. § 1692k(d).

1

3. This court has jurisdiction over defendant Aargon Collection Agency, Inc. because it regularly conducts and transacts business in this state, and the conduct complained of herein occurred in this Judicial District.

4. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b) because a substantial part of the conduct complained of herein occurred in this Judicial District.

## PARTIES

5. Plaintiff Fran Rizzo ("Plaintiff") is a natural person who is a citizen of the State of New York residing in Suffolk County, New York.

6. Plaintiff is a "consumer" as that term defined by 15 U.S.C. § 1692a(3).

7. Defendant Aargon Collection Agency, Inc. ("Defendant") is a company existing under the laws of the State of Nevada, with its principal place of business in Las Vegas, Nevada.

8. Defendant has transacted business within this state as is more fully set forth hereinafter in this Complaint.

9. Defendant regularly collects or attempts to collect debts asserted to be owed to others.

10. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. The principal purpose of Defendant's businesses is the collection of such debts.

12. Defendant uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

13. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. The acts of Defendant as described in this Complaint were performed by Defendant or on Defendant's behalf by its owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to "Defendant" in this Complaint shall

2

mean Defendant or its owners, officers, agents, and/or employees.

## FACTUAL ALLEGATIONS

15. Plaintiff received medical services from Sunrise Medical Laboratories, Inc. ("Sunrise").

16. At the time of the medical services, Plaintiff had health insurance.

17. At the time of the medical services, Plaintiff provided her insurance information.

18. At the time of the medical services, Plaintiff also documented her insurance details in the intake papers.

19. The medical services provided by Sunrise were fully covered by Plaintiff's insurance.

20. Nevertheless, Defendant alleges Plaintiff owes $912.01 to Sunrise (the "alleged Debt").

21. The alleged Debt does not arise from any business enterprise of Plaintiff.

22. The alleged Debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

23. At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

24. At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

25. In its efforts to collect the alleged Debt, Defendant decided to contact Plaintiff by written correspondence.

26. Rather than preparing and mailing such written correspondence to Plaintiff on its own, Defendant decided to utilize a third-party vendor to perform such activities on its behalf.

27. As part of its utilization of the third-party vendor, Defendant conveyed information regarding the alleged Debt to the third-party vendor by electronic means.

28. The information conveyed by Defendant to the third-party vendor included Plaintiff's status as a debtor, the precise amount of the alleged Debt, the account number, the entity to which Plaintiff allegedly owed the debt, and the fact that the alleged Debt concerned Plaintiff's medical treatment, among other things.

29. Defendant's conveyance of the information regarding the alleged Debt to the third-party vendor is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

30. The third-party vendor then populated some or all this information into a prewritten template, printed, and mailed the correspondence to Plaintiff at Defendant's direction.

31. That correspondence, dated April 15, 2021, was received and read by Plaintiff. (A true and accurate copy of that correspondence (the "Letter") is annexed hereto as "**Exhibit 1**.")

32. The Letter, which conveyed information about the alleged Debt, is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

33. The Letter was the initial written communication Plaintiff received from Defendant concerning the alleged Debt.

## FIRST COUNT
**Violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10)**

34. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

35. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

36. 15 U.S.C. § 1692e(5) prohibits a debt collector from making a threat to take any action that cannot legally be taken or that is not intended to be taken.

37. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

38. The Letter alleges that Defendant may contact "any member of [Plaintiff's] family or household directly."

39. The above statement is patently false.

40. 15 U.S.C. § 1692c(b) permits a debt collector to contact only a consumer's spouse.

41. 15 U.S.C. § 1692c(b) prohibits a debt collector from contacting "any member of [Plaintiff's] family or household directly" without Plaintiff's prior consent given directly to the debt collector.

42. Plaintiff did not and would not give Defendant consent to contact members of her family or her household.

43. Defendant's allegation that it may contact "any member of [Plaintiff's] family or household directly" is a false, deceptive, or misleading representation in connection with the collection of any debt as prohibited by 15 U.S.C. § 1692e.

44. Defendant's allegation that it may contact "any member of [Plaintiff's] family or household directly" is a threat to take action that cannot legally be taken as prohibited by 15 U.S.C. § 1692e(5).

45. Defendant's allegation that it may contact "any member of [Plaintiff's] family or household directly" is the use of a false representation or deceptive means to collect or attempt to collect any debt as prohibited by 15 U.S.C. § 1692e(10).

46. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10) and is liable to Plaintiff therefor.

## SECOND COUNT
## Violation of 15 U.S.C. § 1692g(b)

47. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

5

48. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

49. 15 U.S.C. § 1692g(b) provides that nothing in the written notice may overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt.

50. A collection activity or communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

51. Defendant's allegation that it may contact "any member of [Plaintiff's] family or household directly" overshadows Plaintiff's rights to dispute the debt.

52. Defendant's allegation that it may contact "any member of [Plaintiff's] family or household directly" is inconsistent with Plaintiff's rights to dispute the debt.

53. Plaintiff feared that if she did not act immediately, Defendant would contact members of her family or her household.

54. For the foregoing reasons, Defendant violated 15 U.S.C. § 1692g(b) and is liable to Plaintiff therefor.

## THIRD COUNT
### Violation of 15 U.S.C. § 1692g

55. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

56. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

57. As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide a

statement of the amount of the debt.

58. To comply with 15 U.S.C. § 1692g(a)(1), the statement of the amount of the debt must accurately set forth the actual amount of the debt.

59. A statement of the amount of the debt, when the debt is not owed at all by the consumer, violates 15 U.S.C. § 1692g(a)(1).

60. As set forth in paragraphs 15 through 19 of this Complaint, Plaintiff did not owe the alleged Debt.

61. As such, Defendant did not accurately set forth the actual amount of the alleged debt as required by 15 U.S.C. § 1692g(a)(1).

62. In sum, Defendant's statement of the amount of the alleged debt, when Plaintiff did not owe that amount, violates 15 U.S.C. § 1692g(a)(1).

63. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g and 1692g(a)(1) and is liable to Plaintiff therefor.

### FOURTH COUNT
### Violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)

64. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

65. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

66. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

67. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

68. An allegation by a debt collector that a consumer owes a certain amount of money when the consumer does not that amount is a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

69. As set forth in paragraphs 15 through 19 of this Complaint, Plaintiff did not owe the alleged Debt.

70. As such, Defendant's allegation that Plaintiff owed the alleged Debt is a false, deceptive, and/or misleading representation made in connection with the collection of the alleged debt in violation of 15 U.S.C. § 1692e.

71. Defendant's allegation that Plaintiff owed the alleged Debt is a false representation of the character, amount, and/or legal status of the alleged debt in violation of 15 U.S.C. § 1692e(2)(A).

72. Defendant's allegation that Plaintiff owed the alleged Debt is a false representation made in an attempt to collect the alleged debt in violation of 15 U.S.C. § 1692e(10).

73. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

## FIFTH COUNT
### Violation of 15 U.S.C. § 1692c(b) and § 1692f

74. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

75. 15 U.S.C. § 1692c(b) provides that, subject to several exceptions not applicable here, "a debt collector may not communicate, in connection with the collection of any debt," with anyone other than the consumer "without the prior consent of the consumer given directly to the debt collector."

76. The third-party vendor does not fall within any of the exceptions provided for in 15 U.S.C. § 1692c(b).

77. Plaintiff never consented to Defendant's communication with the third-party vendor concerning the alleged Debt.

78. Plaintiff never consented to Defendant's communication with the third-party vendor concerning Plaintiff's personal and/or confidential information.

79. Plaintiff never consented to Defendant's communication with anyone concerning the alleged Debt or concerning Plaintiff's personal and/or confidential information.

80. Upon information and belief, Defendant has utilized a third-party vendor for these purposes thousands of times.

81. Defendant utilizes a third-party vendor in this regard for the sole purpose of maximizing its profits.

82. Defendant utilizes a third-party vendor without regard to the propriety and privacy of the information which it discloses to such third-party.

83. Defendant utilizes a third-party vendor with reckless disregard for the harm to Plaintiff and other consumers that could result from Defendant's unauthorized disclosure of such private and sensitive information.

84. Defendant violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged Debt to the third-party vendor.

85. 15 U.S.C. § 1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

86. The unauthorized disclosure of a consumer's private and sensitive information is both unfair and unconscionable.

87. Defendant disclosed Plaintiff's private and sensitive information to the third-party vendor.

88. Defendant violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged Debt to the third-party vendor.

89. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692c(b) and 1692f and is liable to Plaintiff therefor.

## CLASS ALLEGATIONS

90. Plaintiff brings this action individually and as a class action on behalf of all consumers similarly situated in the State of New York.

91. Plaintiff seeks to certify two classes of:

> i. All consumers to whom Defendant sent a collection letter containing the allegation that Defendant may contact "any member of [the consumer's] family or household directly," which letter was sent on or after a date one year prior to the filing of this action to the present.
>
> ii. All consumers where Defendant sent information concerning the consumer's debt to a third-party vendor without obtaining the prior consent of the consumer, which disclosure was made on or after a date one year prior to the filing of this action to the present.

92. This action seeks a finding that Defendant's conduct violates the FDCPA and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

93. The Class consists of more than thirty-five persons.

94. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

95. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to

the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

96. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

97. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered as follows:

a. Certifying this action as a class action; and

b. Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel; and

c. Finding Defendant's actions violate the FDCPA; and

d. Awarding damages to Plaintiff and the Class pursuant to 15 U.S.C. § 1692k; and

e. Awarding Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k, calculated on a "lodestar" basis; and

f. Awarding the costs of this action to Plaintiff; and

g. Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

h. Such other and further relief that the Court determines is just and proper.

DATED: April 23, 2021

                                 **BARSHAY, RIZZO & LOPEZ, PLLC**

                                 By:  <u>s/ *David M. Barshay*</u>
                                 David M. Barshay, Esquire
                                 445 Broadhollow Road | Suite CL18
                                 Melville, New York 11747
                                 Tel: (631) 210-7272
                                 Fax: (516) 706-5055
                                 Our File No.: BRL21144
                                 *Attorneys for Plaintiff*

